REVISED, October 20, 1999

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————————

No. 98-10502

(Summary Calendar)

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL MORALES-SOSA, also known as La Mueneca,

Defendant-Appellant.

———————————

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

September 30, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Miguel Morales-Sosa ("Sosa") pleaded guilty to possession with intent to distribute heroin. The district court sentenced Sosa to 135 months imprisonment. Sosa appeals on the grounds that the district court failed to formally accept Sosa's guilty plea and the plea agreement prior to sentencing as required by Federal Rule of Criminal Procedure 11(e)(3). We affirm the judgment of the district court.

I.

Sosa was indicted and charged with committing various drug offenses. He subsequently pleaded guilty to one count of a superceding information charging him with conspiracy to possess

with intent to distribute heroin, in violation of 21 U.S.C. § 846. Under the terms of the plea agreement, the government agreed to dismiss all charges contained in the original indictment, and Sosa agreed to cooperate with any government investigations. Sosa also waived his right to appeal his sentence, reserving the right to appeal on only limited grounds.

At Sosa's plea hearing, the district court expressly reserved acceptance of both the guilty plea and the plea agreement until sentencing. At Sosa's sentencing hearing, the district court did not explicitly accept either the guilty plea or the plea agreement. Sosa was sentenced to 135 months imprisonment. Immediately following sentencing, the original indictment was dismissed upon oral motion of the United States Attorney.

Sosa seeks reversal of the district court judgment, contending that the court failed to expressly accept the guilty plea or the plea agreement as required under Fed. R. Crim. P. 11(e)(3). He also argues that the court failed to keep a verbatim record of the proceedings as required by Rule 11(g).

## II.

We review a challenge under Rule 11 under a harmless error standard. *See United States v. Johnson*, 1 F.3d 296 (5th Cir. 1993) (en banc). Under a harmless error analysis, we must determine (1) whether the sentencing court in fact varied from the procedures required by Rule 11, and (2) if so, whether such variance affected the substantial rights of the defendant. *See id.* at 298.

The district court did vary from the procedures required by Rule 11. Rule 11(e)(3) provides that "[i]f the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." Fed. R. Crim. P. 11(e)(3). While a district court is required to defer its decision about whether to accept the type of plea agreement at issue here until after it has reviewed the presentence report, *see* U.S.S.G. § 6B1.1(c) (Nov. 1998), Rule 11(e)(3) requires that, prior to sentencing, the court inform the defendant of its ultimate decision to accept the plea agreement. We must assess the effect of the district court's failure to follow this procedure under the second prong of the harmless error test.

To determine whether a Rule 11 error affected the substantial rights of a defendant, we ask

"whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Johnson,* 1 F.3d at 302. Sosa has never alleged that full compliance with Rule 11 would have affected his decision to plead guilty, nor does the record support such a suggestion. Sosa clearly knew the terms of the bargained-for plea agreement. The district court had the prosecutor read virtually the entire agreement into the record at the Rule 11 colloquy, after which Sosa confirmed that he understood its terms. Thus, the relevant question is whether knowing that the district court had accepted the agreement would have affected Sosa's decision to plead guilty. The record clearly indicates that it would not have. Sosa, after hearing the agreement read aloud, pleaded guilty. Presumably, he *wanted* the district court to accept the agreement, and knowing that the court had done so would have affirmed, not altered, his decision to plead as he did.

We are also persuaded by the government's argument that the district court did in fact implicitly accept the plea agreement. Had the district court rejected Sosa's agreement, the court would have been required, under Rule 11(e)(4), to inform the parties of this fact and to advise Sosa personally that the court was not bound by the agreement. *See* Fed. R. Crim. P. 11(e)(4). Here, the fact that the district court did not follow the procedures of Rule 11(e)(4) coupled with the fact that, immediately following sentencing, Sosa received the benefits of the plea agreement in the dismissal of the original indictment and a downward departure from the applicable guidelines, indicate that the court implicitly accepted the plea agreement.

Sosa's substantial rights were not affected by the district court's failure to expressly accept the terms of the agreement as required by Rule 11(e)(3). Thus, any error on the part of the district court was harmless. Sosa's argument that, by failing to record this omission, the district court fell short of the recording requirement of Rule 11(g) is completely without merit. Consequently, the district court judgment is AFFIRMED.