IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20681
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS MORENO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-142-14
--------------------
July 25, 2002

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Luis Moreno appeals from his conviction of drug-trafficking
and money-laundering conspiracies. Moreno argues that the district
court's proceedings were void <u>ab initio</u> because the district court
did not make an express, oral, adjudication of guilt or acceptance
of Moreno's plea agreement. Moreno persistently and mistakenly
relies on <u>Crain v. United States</u>, 162 U.S. 625 (1896), a case that
was clearly overruled by <u>Garland v. Washington</u>, 232 U.S. 642
(1914), with regard to the issue for which Moreno cites it.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although the district court did not expressly and precisely state that the court was accepting the plea and finding the defendant guilty, the record shows that there could have been no plausible doubt as to whether Moreno's plea had been accepted and his guilt adjudicated. Because Moreno did not object to the alleged error, his claim is reviewed for plain error, and he has shown none. See United States v. Vonn, 122 S. Ct. 1043, 1048 (2002). Moreno's contention that the district court failed to expressly accept his plea agreement likewise fails plain-error review because Moreno received the bargained-for dismissal of other counts. See United States v. Morales-Sosa, 191 F.3d 586, 588 (5th Cir. 1999).

Moreno also contends that his life sentence is improper under Apprendi v. New Jersey, 530 U.S. 466 (2000). The Government contends that Moreno waived his Apprendi contention by waiving his right to appeal his sentence and that Moreno's Apprendi contention is unavailing on its merits. Moreno's waiver of any appeal of his sentence is valid. See United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999); United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994). Even without it, Moreno's appeal has no merit. There was no Apprendi violation in the case. Moreno's indictment alleged that he had conspired to possess with intent to distribute 1,000 or more kilograms of marijuana, an offense carrying a statutory maximum penalty of life imprisonment. 21 U.S.C. §§ 841(b)(1)(A), 846. Moreno's life sentence was within that range. See United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 531 U.S. 1182 (2001).

AFFIRMED.