United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 3, 2002**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20602
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORIBIO FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H:95-CR-142-15

_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Toribio Fernandez appeals his guilty-plea conviction and life sentence for conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana. Fernandez acknowledges that in his written plea agreement he made an otherwise valid waiver of his right to appeal his sentence, but he contends that the waiver is without effect because the plea agreement is invalid. He also asserts that the district court abused its discretion in refusing

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to allow him to withdraw his plea and that the district court misapplied the Sentencing Guidelines.

Appellant first argues that the plea agreement is invalid as an unconscionable contract of adhesion, essentially because he received a life sentence. Even if pleading guilty in the face of a certain life sentence is unconscionable, Fernandez's case does not present that scenario. Rather, the plea bargain into which Appellant entered included only the risk of a life sentence. Pursuant to the agreement, the government agreed to recommend a sentence at the low end of the guidelines range, in addition to dismissing the other charges against him and foregoing forfeiture of a ranch Fernandez's father allegedly owned unless forfeiture was later justified by new information. Thus, we find no unconscionable terms in the agreement. Furthermore, the mere fact that he received a harsher sentence than what he subjectively expected to receive does not invalidate the agreement.[1] Fernandez was fully informed that he faced a potential life sentence, depending on the presentence investigation.[2] He stated that he understood that he would not be allowed to withdraw his plea if the sentence was more severe than he expected. Fernandez has therefore failed to show that the plea agreement is invalid due to the

_____

[1] *Daniel v. Cockrell*, 283 F.3d 697, 703-04 (5th Cir.), cert. denied, – U.S. –, 2002 WL 1434299 (Oct. 7, 2002).

[2] In the plea colloquy, the district court explained to Fernandez that he was susceptible to a sentence anywhere from 10 years to life.

unconscionability of its terms.

Fernandez also contends that the plea was invalid due to an insufficient factual basis. However, the factual basis appearing in the record was "sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal."[3] At the rearraignment, the government described the conspiracy to distribute more than 1000 kilograms of marijuana and stated that Fernandez helped to transport marijuana and to buy a vehicle used for transporting it. Appellant corroborated these statements under oath. The testimony establishes that Fernandez participated in the crime to which he pleaded–a conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana.

Fernandez also contends that the plea agreement is invalid because the district court did not expressly accept or reject the agreement at the rearraignment. The district court implicitly accepted the agreement, however, by not rejecting it and by ensuring that Fernandez received the benefit of the agreement through the promised dismissal of the other counts against him.[4]

---

[3] *United States v. Johnson*, 546 F.2d 1225, 1226-27 (5th Cir. 1977).

[4] *United States v. Morales-Sosa*, 191 F.3d 586, 588 (5th Cir. 1999) ("We are also persuaded by the government's argument that the district court did in fact implicitly accept the plea agreement. Had the district court rejected Sosa's agreement, the court would have been required, under Rule 11(e)(4), to inform the parties of this fact and to advise Sosa personally that the court was not bound by the agreement. Here, the fact that the district court did

Appellant additionally asserts that the plea was induced by fraud. After a hearing, the district court rejected Fernandez's assertions of fraud in the inducement based on a finding that Fernandez lacked any credibility. We will not second-guess the district court's credibility assessment.[5]

Fernandez also appeals the district court's denial of his motion to withdraw the guilty plea. We review the ruling for an abuse of discretion.[6] Fernandez failed to carry his burden of establishing a fair and just reason for withdrawing his plea.[7] Based on Fernandez's lack of credibility, the district court determined that the plea was knowing and voluntary and not the result of ineffective assistance of counsel.

As Fernandez acknowledges, if his plea agreement is valid, so is his waiver of his right to appeal his sentence. The plea and the agreement are valid; therefore Appellant has waived his right to challenge the district court's calculation of the sentence. Consequently, we need not address his contentions that the court misapplied the Sentencing Guidelines.

---

not follow the procedures of Rule 11(e)(4) coupled with the fact that, immediately following sentencing, Sosa received the benefits of the plea agreement in the dismissal of the original indictment and a downward departure from the applicable guidelines, indicate that the court implicitly accepted the plea agreement.").

[5] *United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997).

[6] *United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991).

[7] *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir. 1988).

AFFIRMED.