United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-41174

UNITED STATES OF AMERICA,

Plaintiff - Appellee

VERSUS

DEMETRIAS SANFORD, also known as Dee Dee

Defendant - Appellant

Appeal from the United States District Court
For the Southern District Of Texas

Before DAVIS, JONES, and GARZA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Demetrias Sanford was convicted and sentenced in district court on three drug trafficking charges. After his conviction and sentence were affirmed on direct appeal and the Supreme Court denied certiorari review, defendant filed a § 2255 petition in district court seeking relief on grounds of ineffective assistance of counsel. The district court vacated the original conviction and sentence because the district court overlooked expressly accepting Sanford's guilty plea. The court then dismissed the § 2255

petition as moot. Thereafter, the district court reinstated the conviction on two of the counts and resentenced the defendant. Sanford raises three issues on appeal. For the first time on appeal, the government argues that the district court was without jurisdiction to vacate Sanford's original conviction and sentence and re-docket the case. We agree and vacate the judgment rendered by the district court vacating the original conviction. We also reinstate the original judgment and sentence and remand to the district court for consideration of Sanford's § 2255 petition.

## I.

In 1999, Demetrias Sanford[1] was indicted along with twelve other persons on cocaine distribution charges. Count 1 charged Sanford with conspiracy to possess cocaine and cocaine base, or crack, with intent to distribute. Counts 8 and 9 charged him with possession with intent to distribute crack and cocaine, respectively.

Sanford pled guilty to all three counts without a plea agreement. With Sanford's consent, a magistrate judge (MJ) heard his plea and explained Sanford's rights to him as required by Rule 11.

Sanford later filed a written statement accepting responsibility. A Presentence Report (PSR) was prepared, which set the total offense level at 32. The district court gave Sanford credit for accepting responsibility and reduced the total offense

---

[1] The correct spelling is "Demetrious Sandford," but the case was originally docketed in the district court and has been docketed in this court using "Demetrias Sanford." Thus, the latter spelling is employed here.

level to 29. With Sanford's criminal history category of III, the resulting guideline range was 108 to 135 months, which was raised to 120 to 135 months due to the mandatory ten-year minimum. The court sentenced Sanford to 120 months in prison.

On May 26, 2000, the court entered a judgment, which stated that Sanford pleaded guilty to Counts 1, 8 and 9 and confirmed the previously announced sentence. Sanford appealed various aspects of his sentence. This court affirmed, and the Supreme Court denied certiorari on January 7, 2002.

Approximately one year later, Sanford filed a 28 U.S.C. § 2255 motion to vacate his sentence, alleging ineffective assistance of counsel. The § 2255 motion was referred to the same MJ who previously heard Sanford's plea. In his consideration of the motion, the MJ reviewed the record and learned that the district court had never entered a formal order accepting Sanford's guilty plea. Although the § 2255 motion made no reference to this omission, the MJ recommended that Sanford's sentence be vacated because of the district court's failure to formally accept the plea, and that the case be returned to the regular docket. The MJ also recommended that the § 2255 motion be denied as moot. Neither Sanford nor the Government filed objections, and the district court adopted the MJ's recommendation, vacated the original sentence, and returned the case to the docket. The order did not expressly deny the § 2255 motion, but the order did adopt the MJ's recommendation as the court's order.

On January 6, 2004, Sanford filed a notice that he intended to

3

withdraw his guilty plea. On March 12, 2004, he filed a motion to withdraw his guilty plea alleging that he had been incorrectly advised of the maximum possible sentence under Count 1 of the indictment at the October 28, 1999, rearraignment, which rendered involuntary his guilty plea on all counts.

The MJ held a hearing and concluded that, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), Sanford's guilty plea as to Count 1 was not valid because Count 1 did not allege drug quantity. Absent an allegation of drug quantity, the statutory maximum penalty for Count 1 (conspiracy) was 20 years. Sanford was told at his guilty plea hearing that he faced a sentence of 10 years to life. The MJ concluded that, because Sanford's plea had not been accepted, Sanford's plea should be rejected as to Count 1. As to Counts 8 and 9, the MJ concluded that any allegation of drug quantity was irrelevant because, as to those counts, Sanford was properly admonished regarding the penalty. Thus, the MJ concluded that the guilty plea should be accepted as to those counts.

The district court accepted the MJ's recommendation, rejected the plea as to Count 1, gave Sanford the opportunity to replead to that count, and accepted the plea as to Counts 8 and 9. The court subsequently entered an order accepting the 1999 plea as to counts 8 and 9 and finding Sanford guilty. The government later moved to dismiss Count 1, and the district court entered an order of dismissal.

A new PSR was prepared. The PSR applied a base offense level of

4

32 based on its finding that Sanford was responsible for 655.66 grams of cocaine powder and 65.80 grams of crack. Because Sanford did not provide a statement of acceptance of responsibility, the PSR did not recommend the two point reduction. With Sanford's criminal history category of III, the guideline range was 151 to 188 months.

Sanford objected, arguing that the vacation of the sentences was unnecessary and that the district court could have entered a nunc pro tunc order accepting the plea. Sanford further objected to the failure to give him credit for his prior acceptance of responsibility. He also alleged that, pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), his sentence could not be based on the court's finding of drug quantity.

Sanford declined to accept responsibility at the second sentencing. His counsel argued that it was not in his best interest to accept responsibility. The district court indicated that it wanted to award the reduction, but could not do so under the circumstances. On August 27, 2004, the district court overruled Sanford's objections and sentenced Sanford to 151 months, 31 months more than Sanford's original sentence. Sanford filed a timely notice of appeal.

## II.

The Government argues for the first time that the district court was without jurisdiction to vacate Sanford's prior convictions and re-docket the case. The government contends that the original sentence was final when the Supreme Court denied

5

Sanford's application for writ of certiorari. The government further argues that a § 2255 petition is the only available avenue to attack the original conviction. We agree with the government that the district court's only jurisdictional basis to modify or vacate the judgment was under § 2255. Sanford's habeas petition did not seek relief on the ground that the district court failed to formally accept his guilty plea and neither the magistrate judge nor the district court purported to vacate the conviction and sentence pursuant to claims asserted in his habeas petition.[2]

The government did not object to the MJ's ruling that the district court had not accepted the guilty plea, nor did the government appeal the district court's order vacating the original judgment on that basis. To the contrary, the government acquiesced in this order by dismissing Count 1 of the indictment. The

---

[2]Although the district court did not enter a formal order accepting the guilty plea, the district court's actions indicate that it did, in fact, accept the plea. Notably, the district court entered a judgment of conviction which stated that Sanford "pleaded guilty to counts 1, 8, and 9 on October 28, 1999." By entering judgment of guilty and sentencing Sanford, the district court implicitly accepted the guilty plea.

In United States v. Morales-Sosa, 191 F.3d 586 (5th Cir. 1999) this court dealt with a very similar issue involving a district court's failure to expressly accept the defendant's guilty plea at sentencing. In Sosa, the defendant pleaded guilty to possession with intent to distribute heroin. The district court did not explicitly accept the guilty plea or the plea agreement, but the distrit court sentenced defendant to 135 months imprisonment, and the plea agreement was followed. After reviewing the challenge under the harmless error rule, this court found that the defendant's substantial rights were not affected by the district court's failure to expressly accept the terms of the agreement and that the district court *implicitly* accepted the guilty plea and plea agreement.

government argues, however, that because the district court had no jurisdiction to vacate the conviction and sentence, this issue may be raised for the first time on appeal.  See United States v. Henry, 288 F.3d 657, 660 (5th Cir. 2002).

In United States v. West, 240 F.3d 456, 459 (5th Cir. 2001), a prisoner filed a § 2255 motion alleging ineffective assistance of counsel based on counsel's failure to file a timely appeal.  Id. Section 2255 only gives the district court authority to vacate the judgment and discharge the prisoner, resentence him, grant a new trial, or correct the sentence.  This court had previously recognized that a prisoner may obtain the judicial remedy of an out-of-time appeal based on ineffective assistance of counsel.  Id.

West does not answer the question in this case, however. West involved the unique circumstance where a prisoner has allegedly been denied the constitutional right to effective assistance of counsel through failure to file a notice of appeal, which can be properly raised in a § 2255 motion.  In this case, however, Sanford did not raise in his § 2255 petition the court's failure to formally accept the guilty plea.  Also, the district court's sua sponte relief was not based on the denial of effective assistance of counsel, a constitutional right, but rather on the perceived procedural error described above. Because the district court's order vacating Sanford's conviction and sentence was not entered pursuant to Sanford's § 2255 petition, the court was without jurisdiction to enter the order.  For this reason, we reinstate the

7

district court's original judgment and sentence.  We also vacate all orders entered after the original judgment of conviction and sentence and remand this case to the district court to consider the merits of Sanford's § 2255 petition.  This disposition makes it unnecessary to reach any of the remaining issues raised on appeal.


ORIGINAL JUDGMENT REINSTATED.

REMANDED.