# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2012

No. 11-40627
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NESTOR FUNEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-67-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nestor Funez appeals both his guilty-plea conviction and sentence for illegal reentry following deportation. The district court sentenced Funez to, *inter alia*, 63-months' imprisonment, within the advisory Guidelines sentencing range. Funez contends: the magistrate judge advised him erroneously that he could not withdraw his guilty plea; the district court never accepted his guilty plea; the court erred in denying his request for a downward adjustment based on cultural assimilation; the Government was required to, but did not, file a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion under Sentencing Guideline § 3E1.1(b) (acceptance of responsibility); and, he received ineffective assistance of counsel.

Because Funez did not challenge his guilty plea before the district court, review is for plain error only. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). Under that standard, Funez must, *inter alia*, show clear or obvious error. *Id.*

Funez consented to pleading guilty before a magistrate judge, who provided a report and recommendation to the district judge. The record does not support his assertion that the magistrate judge advised Funez erroneously that he could not withdraw his guilty plea once it was entered. Furthermore, Funez waived this issue by advising the magistrate judge at rearraignment that he had complied with Federal Rule of Criminal Procedure 11. *United States v. Reveles*, 190 F.3d 678, 683 (5th Cir. 1999) ("When a defendant has waived a right, the district court cannot be said to have erred by failing to override the intentions of the defendant's counsel by asserting the right *sua sponte*.").

Funez asserts the district court never accepted his guilty plea because it merely issued an order adopting the magistrate judge's report and recommendation (to which Funez did not object), which recommended the court accept the guilty plea and enter a final judgment of guilt. He contends the court was required to reconvene the proceedings in his presence to accept his plea, in accordance with his right to be present at all critical stages of the proceeding. Funez has not shown the requisite clear or obvious error. *United States v. Sanford*, 429 F.3d 104, 107 n.2 (5th Cir. 2005) ("By entering judgment of guilty and sentencing [defendant], the district court implicitly accepted the guilty plea.").

Regarding his sentence, Funez contends the district court abused its discretion in denying his motion for a downward adjustment. Post-*Booker*, a sentence is reviewed for reasonableness. *E.g.*, *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Review is bifurcated: first considered is whether the

district court committed "a significant procedural error"; if there is no error or the error is harmless, the substantive reasonableness of the sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence within a properly calculated Guidelines sentencing range is presumed reasonable. *E.g.*, *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

The district court denied both a downward departure and a downward variance. Our court lacks jurisdiction to review a downward-departure denial because the district court did not have a mistaken belief that the Guidelines did not give it the authority to depart. *United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006). Regarding the downward-variance denial, the district court considered Funez' contentions for a downward adjustment based on cultural assimilation but rejected them in the light of his criminal history and the need to protect the public. In particular, the court noted: Funez had a prior conviction (for aggravated assault with a deadly weapon) that involved his shooting the victim; that was a recent conviction; and, Funez returned to the United States shortly after being removed. Funez has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence.

Funez maintains the Government should have moved, under Guideline § 3E1.1(b), for a one-level reduction in addition to the two-level acceptance-of-responsibility reduction he received. As Funez did not raise this issue before the district court, review is again for plain error only. *Puckett*, 556 U.S. at 135. Funez maintains the Government's decision not to file a Guideline § 3E1.1(b) motion was based on its suggestion that "these are the cases that make headlines". That comment is taken out of context; the Government never addressed this § 3E1.1(b) claim because, as noted, Funez did not raise it in district court. The Government retains the discretion to file such a motion, but "it may not act arbitrarily or irrationally or base its actions on an unconstitutional motive". *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008). Because Funez presents no evidence that the Government's not moving

No. 11-40627

for the additional one-level reduction was arbitrary or irrational or based on an unconstitutional motive, he has not shown error.

Last, Funez contends his trial counsel provided ineffective assistance by: not raising the issue of the Government's failure to move for a Guideline § 3E1.1(b) reduction; and, filing a belated request for a downward adjustment for cultural assimilation. Lacking a sufficient record to review this claim, we decline to review it on direct appeal. *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). This, of course, does not preclude Funez' raising this contention under 28 U.S.C. § 2255.

AFFIRMED.