Margaret Loraine Schmucker, Austin, TX, for Defendant–Appellant.

Jose Lara, Three Rivers, TX, pro se.

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM: *

Jose Lara appeals from his guilty-plea conviction of attempting to export more than 500 rounds of ammunition from the United States to Mexico. Lara contends the district court erred in determining his offense subjected him to a higher base-offense level of 26 under Guideline § 2M5.2(a)(1). He asserts the district court read Guideline § 2M5.2(a)(2) too narrowly, and the lower base-offense level of 14 is warranted because: (1) his offense involved only ammunition and *not* firearms; and (2) the ammunition at issue was designed only for .357 and .38 caliber, non-fully-automatic small arms. He contends his position is supported by the 2011 amended version of Guideline § 2M5.2.

Our court recently rejected materially indistinguishable arguments in *United States v. Diaz–Gomez*, 680 F.3d 477, 479–82 (5th Cir.2012).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

UNITED STATES of America, Plaintiff–Appellee

v.

Juan Gerardo ARREDONDO–DE LA O, Defendant–Appellant.

No. 12–40050
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 1, 2012.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

John Andrew Kuchera, Waco, TX, for Defendant–Appellant.

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Juan Gerardo Arredondo–De La O (Arredondo) pleaded guilty to being an alien found unlawfully present in the United States following a prior deportation, in violation of 8 U.S.C. § 1326(a). Arredondo's sentence was enhanced pursuant to § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A)(i) because he had been convicted of drug-trafficking in February 2006 and deported in April 2010. Upon the Government's motion, the district court departed downward from the advisory

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines sentencing range and sentenced Arredondo to 37 months of imprisonment and a two-year term of supervised release. Arredondo filed a timely notice of appeal.

Arredondo asserts that the enhancement was erroneous in this case because the deportation order was entered prior to his drug-trafficking conviction and was never reinstated. He thus argues that his guilty plea was invalid because he was actually innocent of the conduct that formed the basis for the enhancement. He concedes that his plea agreement contained a knowing and voluntary appeal waiver that precludes him from challenging his sentence, but he argues that the validity of his plea may nevertheless be reviewed.

Despite Arredondo's appeal waiver, which the Government seeks to enforce, we may review "a claim that the factual basis for a guilty plea fails to establish the essential elements of the crime of conviction." *United States v. Trejo*, 610 F.3d 308, 312 (5th Cir.2010). Because Arredondo did not raise this issue in the district court, we review it only for plain error. *Id.* at 313. To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

There was no plain error here. Arredondo was charged with violating § 1326(a) and the record shows that each element of that offense was admitted by Arredondo. Arredondo does not contend otherwise. Section § 1326(b)(2) is not a separate criminal offense and merely recites sentencing factors based on recidivism. *See Almendarez–Torres v. United States*, 523 U.S. 224, 235, 239, 118 S.Ct.

1219, 140 L.Ed.2d 350 (1998). Arredondo's plea of guilty to violating § 1326(a) is valid.

Arredondo's arguments that the plea agreement is unenforceable are unavailing. First, the district court implicitly accepted the plea agreement when it did not reject the agreement and when it allowed Arredondo to receive the benefits he bargained for. *See United States v. Sanford*, 429 F.3d 104, 107 n. 2 (5th Cir.2005); *United States v. Morales–Sosa*, 191 F.3d 586, 588 (5th Cir.1999); *United States v. Moreno*, 46 Fed.Appx. 227 (5th Cir.2002) (unpublished). Second, the Government did not breach the agreement by failing to move for a downward departure based on substantial assistance. The Government retained sole discretion over the decision to make such a motion.

AFFIRMED.