# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2021

Lyle W. Cayce
Clerk

No. 20-10436
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ABEL FERNANDO PADILLA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-375-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:[*]

Abel Fernando Padilla pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At arraignment, the district court deferred deciding whether to accept the plea agreement, stating: "If later on I get

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

some information that causes me to think that the Plea Agreement should be rejected, and if I, in fact, do reject it, I'll make that known to you and the attorneys in the case and give you an opportunity to withdraw a plea of guilty".

At sentencing, however, the court did not explicitly reject or accept the agreement. Moreover, Padilla did not attempt to withdraw his guilty plea. He was sentenced to, *inter alia*, an above-Sentencing Guidelines term of 120 months' imprisonment.

Padilla contends the court erred by implicitly rejecting the plea agreement without giving Padilla a chance to withdraw it. Because Padilla did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that well-known standard, Padilla must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (alteration in original).

Regarding whether there was the requisite clear or obvious error, Federal Rule of Criminal Procedure 11 states: "If the court accepts the plea agreement, it must inform the defendant that . . . the agreed disposition will be included in the judgment". Fed. R. Crim. P. 11(c)(4). Likewise, if the court rejects a plea agreement, it must "advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea". Fed. R. Crim. P. 11(c)(5)(B). As noted, the district court did neither when, by the plain language of Rule 11, it

was clear and obvious that it was required to do one of the two. *See, e.g.,* *United States v. Morales-Sosa*, 191 F.3d 586, 587 (5th Cir. 1999).

To determine whether a Rule 11 error affects defendant's substantial rights, "we focus on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty". *United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (en banc). Had the court rejected the plea agreement, it may have been likely to affect Padilla's willingness to plead guilty, because he might have withdrawn his guilty plea. If, however, the court had accepted the agreement, the Rule 11 error would not affect Padilla's substantial rights, because there is no indication Padilla would have withdrawn his guilty plea if he knew the plea agreement would be accepted.

Next addressed is whether the court accepted the plea agreement. Our court has held that a district court can implicitly accept a plea agreement. *Morales-Sosa*, 191 F.3d at 587. In *Morales-Sosa*, this court held that, because the district court did not explicitly reject the plea agreement and defendant received the benefit of the plea, the court implicitly accepted the agreement. *Id.*

The court never explicitly rejected the plea agreement, and Padilla received the benefit of that agreement. In that regard, the only promise Padilla received from the Government was that it would not bring any additional charges against him based upon the same underlying conduct. Padilla asserts there are charges that hypothetically could be brought in the future if the Government ignored the plea agreement. This, however, is pure speculation, as no such charges have been brought. The district court, therefore, implicitly accepted the plea agreement.

AFFIRMED.