# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2012

No. 11-50161
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AQUILINO GUTIERREZ-GRESS, also known as Kilo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3415-2

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Aquilino Gutierrez-Gress pleaded guilty pursuant to a plea agreement to conspiracy to distribute and possess 100 kilograms or more of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. The district court imposed a within-guidelines sentence of 151 months of imprisonment. As part of his plea agreement, Gutierrez-Gress waived his right to appeal any aspect of his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gutierrez-Gress argues that his guilty plea is "null and void" because the district court failed to accept formally the guilty plea that he entered pursuant to the plea agreement. As Gutierrez-Gress did not raise this argument in the district court, our review is for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). To show plain error, Gutierrez-Gress must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record supports that the district court failed to make an explicit adjudication of guilt or acceptance of the plea agreement. However, Gutierrez-Gress has not alleged that the district court's omission affected his decision to plead guilty, and the record does not support such a suggestion. The record shows that Gutierrez-Gress was aware that he was entering a guilty plea pursuant to a plea agreement and that he wanted the district court to accept his plea under the bargained-for terms of the plea agreement. The record further shows that the district court implicitly accepted Gutierrez-Gress's guilty plea and his plea agreement; the district court did not inform the parties that it rejected the plea agreement, the district court entered a judgment of conviction setting forth that Gutierrez-Gress had pleaded guilty and sentenced him in connection with his guilty plea conviction, and Gutierrez-Gress received the bargained-for benefits of the plea agreement. Thus, Gutierrez-Gress has not shown that his substantial rights were affected by the district court's failure to accept expressly his guilty plea or his plea agreement. *See id.*; *United States v. Morales-Sosa*, 191 F.3d 586-88 (5th Cir. 1999); *United States v. Sanford*, 429 F.3d 104, 107 n. 2 (5th Cir. 2005).

Gutierrez-Gress additionally contends that the district court erred by not determining conclusively whether he qualified for an enhancement pursuant to U.S.S.G. § 3B1.1(b) for his role as a manager or supervisor. He suggests that the

enhancement was applied in error because he disputed his role as a manager or supervisor, and the district court did not clearly find by a preponderance of the evidence that he was subject to the enhancement.

The government seeks the enforcement of the appeal waiver contained in the plea agreement. Gutierrez-Gress does not address the validity of the appeal waiver in his brief.

We review de novo the issue whether an appeal waiver bars an appeal. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). The record shows that Gutierrez-Gress's appeal waiver was knowing and voluntary. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Furthermore, under the plain language of the plea agreement, the waiver applies to the circumstances at issue. *Bond,* 414 F.3d at 544. Thus, the appeal waiver is valid and should be enforced to bar Gutierrez-Gress's appeal of the instant issue. We caution counsel that pursuing an appeal contrary to a valid waiver is a needless waste of judicial resources and will invite sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

Finally, the judgment of conviction reflects that Gutierrez-Gress pleaded guilty to count one of the superseding indictment and states that the offense of conviction was "Conspiring to import a quantity of marijuana > 100 kilograms," in violation of 21 U.S.C. §§ 952, 960, and 963. However, the record reflects that Gutierrez-Gress pleaded guilty to count three of the superseding indictment and that the statutes of conviction were §§ 841 and 846. Accordingly, we instruct the district court on remand to correct the judgment to reflect that Gutierrez-Gress was convicted of count three of the indictment and to identify the appropriate statutes of conviction. *See* FED. R. CRIM. P. 36.

AFFIRMED; REMANDED FOR CORRECTION OF JUDGMENT