# United States Court of Appeals
## For the First Circuit

No. 14-1187

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN CARLOS DÁVILA-RUIZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]
[Hon. Silvia Carreño-Coll, U.S. Magistrate Judge]

Before

Howard, Chief Judge,
Selya and Lynch, Circuit Judges.

Liza L. Rosado-Rodríguez, with whom Eric Alexander Vos, Federal Public Defender, and Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, were on brief, for appellant.
María L. Montañez Concepción, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, were on brief, for appellee.

June 23, 2015

**SELYA**, **Circuit Judge**.   Federal Rule of Criminal Procedure 11(d)(1) provides that a defendant may withdraw a guilty plea "for any reason or no reason" at any time before the court accepts it.   The matter at hand requires us to decide a question of first impression in this circuit concerning the operation of this rule.   The district court thought that the defendant's execution of a plea agreement, his consent to have a magistrate judge conduct the change-of-plea colloquy, his subsequent participation in such a hearing, the magistrate judge's recommendation that the tendered plea be accepted, and the defendant's failure to make a timeous objection to that recommendation combined to remove the defendant from the protective carapace of the rule.   Concluding, as we do, that the district court erred, we vacate the judgment below and remand with directions to grant the defendant's plea-withdrawal motion and to conduct further proceedings consistent with this opinion.

We briefly rehearse the relevant facts and travel of the case. In July of 2012, a federal grand jury sitting in the District of Puerto Rico returned an indictment charging defendant-appellant Juan Carlos Dávila-Ruiz and two co-defendants with attempted carjacking, see 18 U.S.C. § 2119, and the use of a firearm during a crime of violence, see id. § 924(c).   All of them pleaded not guilty and, following some preliminary skirmishing, the government proposed plea agreements across the board.

On April 23, 2013 — with trial imminent — the defendant moved to change his plea. One of his co-defendants chose the same course, but the other (Edwin Suárez-Rivera) opted for trial. The district court referred the defendant's motion to a magistrate judge with instructions to prepare a report and recommendation.

Before any hearing was held, the defendant entered into a plea agreement with the government. As part of this bargain, the defendant agreed to plead guilty to a substitute information charging him with the firearms offense in exchange for dismissal of the two-count indictment. The parties jointly agreed to recommend a 60-month sentence (the mandatory minimum under the statute of conviction).

On May 24, the magistrate judge convened a change-of-plea hearing. She began by informing the defendant of his right to have the hearing conducted by the district court. She then explained: "[If] by the end I am convinced that you are doing this intelligently, knowingly and voluntarily, then I [will] issue a report and recommendation telling the [district judge] that he should accept your guilty plea. But my recommendations may be reviewed by the [district judge] . . . ." The defendant acknowledged his understanding of this procedure and signed a waiver form (the Waiver) variously entitled "Waiver of Right to Trial by Jury" and "Consent to Proceed before a United States

Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.)."  Pertinently, the Waiver stated:

> I HEREBY: Waive (give up) my right to trial before a United States District Judge and express my consent to proceed before a Magistrate-Judge while I plead guilty (Rule 11 proceedings) and the entry of a judgment of conviction upon the Magistrate-Judge's recommendation.  I understand that sentence will be imposed by a District Judge.

At the conclusion of the hearing, the magistrate judge found that the defendant's plea was knowing and voluntary and had a basis in fact.  She then stated that she would recommend that the district court accept the guilty plea.

On June 3, the magistrate judge issued a written report and recommendation (the R&R).  The R&R contained a recommendation that the district court accept the plea.  It concluded by advising the parties that they had 14 days within which to file objections and warned that failure to do so would result in a waiver of the right to appeal from the magistrate judge's findings and conclusions.  See 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2).  Fourteen days came and went, and no objections were lodged.  Nevertheless, the district court took no action to adopt the magistrate judge's recommendation and thereby accept the defendant's plea.

In late August, defense counsel learned that the government had dropped the charges against Suárez-Rivera.  She apprised the prosecutor that, in light of this development, the defendant might

want to withdraw his plea. The district court held a hearing on October 21, at which time defense counsel related that the defendant would be moving to withdraw his plea.

On November 13, the defendant filed a plea-withdrawal motion. Citing Rule 11(d)(1), he claimed that because the court had not yet accepted his guilty plea, he had an absolute right to withdraw it. The government objected, arguing that the magistrate judge had authority to accept the defendant's guilty plea; that Rule 11(d)(2)(B) therefore governed; and that the defendant would have to show a "fair and just reason" in order to withdraw his plea under that rule.

The district court sided with the government: it noted that it had reviewed the change-of-plea transcript and that the plea had been "adequately and thoroughly taken," with the result that Rule 11(d)(1) was no longer available. Since the defendant had not proffered a fair and just reason for withdrawing his plea, the court denied the plea-withdrawal motion and thereafter denied a motion for reconsideration.

On January 27, 2014, the district court convened the disposition hearing, adopted the R&R, accepted the guilty plea, and sentenced the defendant to serve a 60-month term of immurement. This timely appeal ensued.

The defendant contends that the district court erred in refusing to allow him to withdraw his guilty plea without showing

a fair and just reason for doing so.  In support, he asserts that because the district court had not accepted the plea, Rule 11(d)(1) entitled him to withdraw his plea without any explanation.  We turn directly to this contention.

Rule 11 governs the entry, acceptance, and withdrawal of pleas in federal criminal cases.  The benchmark for determining whether a plea may be withdrawn varies depending on the timing of the defendant's motion.  When a plea has been tendered but not yet accepted by the court, a defendant can withdraw it "for any reason or no reason."  Fed. R. Crim. P. 11(d)(1).  During the interval between the court's acceptance of a plea and the imposition of sentence, a defendant can withdraw his plea only if he establishes "a fair and just reason" for doing so.[1] Id. 11(d)(2)(B).

We normally review a district court's denial of a plea-withdrawal motion for abuse of discretion.  See United States v. Torres-Rosario, 447 F.3d 61, 65 (1st Cir. 2006); United States v. Parrilla-Tirado, 22 F.3d 368, 371 (1st Cir. 1994).  But a material error of law is always an abuse of discretion.  See United States v. Snyder, 136 F.3d 65, 67 (1st Cir. 1998).  A claim that the district court was without discretion to deny such a motion is a

---

[1] A defendant's ability to withdraw his plea after sentencing is a different matter, see Fed. R. Crim. P. 11(e); Wilkins v. United States, 754 F.3d 24, 27-28 (1st Cir. 2014), and is beyond the scope of this opinion.

question of law, engendering de novo review.[2] See United States v. Byrum, 567 F.3d 1255, 1258-59 (10th Cir. 2009); United States v. Jones, 472 F.3d at 905, 908-09 (D.C. Cir. 2007).

Rule 11(d)(1) is clear as a bell: it renders a district court powerless to deny a plea-withdrawal motion when the motion is made before the plea has been accepted. See, e.g., United States v. Arami, 536 F.3d 479, 483 (5th Cir. 2008); Jones, 472 F.3d at 908. In this case, the defendant asseverates that he filed his plea-withdrawal motion prior to the time that the district court accepted his plea and that, therefore, the court had no choice but to grant the motion without regard to his reasons for seeking such relief. For all practical purposes, then, the question reduces to whether the undisputed chain of events requires a finding that the plea was accepted before the defendant moved to withdraw it.

We recognize that Rule 11 does not specify how a plea is to be accepted. See United States v. Battle, 499 F.3d 315, 321 (4th Cir. 2007). Sometimes, the use of equivocal language during a change-of-plea colloquy may complicate the issue. See Byrum, 567 F.3d at 1259-64; Jones, 472 F.3d at 909; United States v. Head, 340 F.3d 628, 630-31 (8th Cir. 2003). Here, however, there was

---

[2] There may be cases — unlike this one — in which a district court's ruling on a plea-withdrawal motion will turn on controverted facts. While such cases may call for a more deferential standard of review, there are no controverted facts here.

nothing equivocal about the magistrate judge's statements and actions; those statements and actions were crystal clear. During the hearing, the magistrate judge said that she would <u>recommend</u> that the district court accept the plea and she proceeded to do just that. Because the magistrate judge merely recommended acceptance of the plea rather than actually accepting it, further action by the district court was needed. See <u>Arami</u>, 536 F.3d at 485; <u>Torres-Rosario</u>, 447 F.3d at 67; <u>United States</u> v. <u>Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

That action was slow in coming. As the government concedes, the district court did not adopt the R&R (and, thus, accept the plea) until well after the November 13 filing of the plea-withdrawal motion.[3] That was too late to strip the defendant of the prophylaxis of Rule 11(d)(1).

In an effort to efface this reasoning, the government strives to convince us that the signing of the Waiver, the magistrate judge's handling of the change-of-plea hearing, and the defendant's failure to object within 14 days to the R&R coalesced to bring about an accepted plea. We are not persuaded.

---

[3] Even though the district court mentioned at the October 21 hearing that it had listened to the audio recording of the change-of-plea colloquy and "c[ould] reject any motion to withdraw," there is nothing in the record to indicate that the court accepted the plea at that time.

To begin, the government's reliance on the Waiver is misplaced. Fairly read, the Waiver denotes the defendant's consent to having the magistrate judge conduct the Rule 11 hearing. Nothing in the text of the Waiver, however, contradicts the premise that acceptance of the plea was reserved to the district court. To the contrary, the Waiver expressly refers to the magistrate judge's recommendation — and a recommendation to accept a plea is, by its very nature, not itself an acceptance of the plea. That the Wavier means exactly what it says is borne out by the magistrate judge's forthright explanation at the hearing that the decision about whether to accept the plea remained exclusively with the district court.

Relatedly, the government argues that, consistent with the Federal Magistrates Act and the Constitution, a magistrate judge can accept a defendant's plea in a felony case when the defendant consents to that practice. The courts of appeals are divided on this question, compare United States v. Harden, 758 F.3d 886, 888-91 (7th Cir. 2014) (holding that the practice is unlawful, even when the defendant consents), with United States v. Benton, 523 F.3d 424, 431-33 (4th Cir. 2008) (contra), and this court has not taken sides.[4] Nor do we have any occasion to do so today: even if

---

[4] Our opinion in Torres-Rosario does not concern this issue. That opinion merely explained that where, as here, a magistrate judge recommends that a plea be accepted, acceptance does not occur

- 10 -

magistrate judges can, by consent, accept pleas in felony cases, that is not what happened here.  The defendant did not consent to acceptance of his plea by the magistrate judge, and the magistrate judge explicitly confirmed that she was not accepting the plea.

The last arrow in the government's quiver is its suggestion that the defendant's failure to object to the R&R within the prescribed 14-day period, see Fed. R. Crim. P. 59(b)(2), pretermitted any later attempt to withdraw his plea under Rule 11(d)(1).  This suggestion mixes plums with pomegranates: it conflates a defendant's time-limited right to object to a magistrate judge's findings and conclusions with a defendant's right to withdraw his plea under Rule 11(d)(1).  These two safeguards are separate and distinct.  See Reyna-Tapia, 328 F.3d at 1121.  Although the absence of a timely objection to a magistrate judge's report and recommendation clears the way for a district court to adopt the recommendation and accept the plea, it does not mitigate a district court's failure to do so.

Let us be perfectly clear.  We recognize that many district courts face burgeoning criminal dockets and that magistrate judges can help to shoulder some of the load.  But if a district court chooses to use magistrate judges to conduct plea hearings, the court is best served by acting on the magistrate judge's

---

until the district court takes further action.  See Torres-Rosario, 447 F.3d at 67.

- 11 -

recommendation soon after the expiration of the 14-day period for filing objections. For so long as the court delays in doing so, the defendant remains free to withdraw his plea. Any other result would contravene Rule 11(d)(1), the plain language of which grants a defendant the absolute right to withdraw his plea at any time before it is accepted.

We reject the idea, espoused both by the district court and by the government, that allowing defendants to withdraw their pleas in circumstances like those at hand will throw the current plea-taking regime into chaos. If there is a problem in this case, it does not stem from the clear mandate of Rule 11(d)(1) but, rather, from the district court's delay in acting upon the R&R. Allowing several months to elapse after the expiration of the 14-day period for filing objections left the defendant free to exercise the right afforded to him by Rule 11(d)(1).

We need go no further. For the reasons elucidated above, we vacate the judgment below and remand with directions to grant the defendant's plea-withdrawal motion and to conduct further proceedings consistent with this opinion.

**Vacated and remanded**.