# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50102

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2015

Lyle W. Cayce
Clerk

Cons w/15-50058

UNITED STATES OF AMERICA,

            Plaintiff - Appellee

v.

FRANCISCO ANTONIO COLORADO CESSA, also known as Francisco
Colorado Cessa,

            Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-458

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

    Defendant–Appellant Francisco Antonio Colorado Cessa pleaded guilty
to one count of conspiracy to bribe a public official.   Colorado moved to
withdraw his guilty plea, but the district court denied the motion and
sentenced Colorado to sixty months of imprisonment.   Colorado appeals,

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-50102

challenging the district court's denial of his withdrawal motion. For the reasons set out below, we REVERSE and REMAND.

## I.     Factual and Procedural Background

On October 1, 2013, Defendant–Appellant Francisco Antonio Colorado Cessa (Colorado) was indicted by a grand jury and charged—along with two co-defendants—with one count of conspiracy to bribe a public official, in violation of 18 U.S.C. § 371, and one count of bribery of a public official, in violation of 18 U.S.C. § 201. The indictment alleged that the defendants sought to bribe a United States district judge in exchange for Colorado receiving a lesser sentence on Colorado's previous conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

Prior to trial, Colorado and his co-defendants reached global plea agreements with the Government. Colorado's agreement provided that, in exchange for pleading guilty to the count of conspiracy to bribe a public official, the Government would dismiss without prejudice the count of bribery of a public official. Each of the three co-defendants' plea agreements provided that "[t]he terms of this agreement [are] predicated upon acceptance by all three defendants of their respective plea agreements."

On March 12, 2014, Colorado consented to enter his guilty plea before a magistrate judge. Colorado's consent form indicated that he would "be advised of [his] rights and enter a voluntary plea of guilty before a United States Magistrate Judge . . . subject to the approval of the United States District Court."[1] At the hearing before the magistrate judge on the same day, Colorado and his co-defendants pleaded guilty following the Rule 11 plea colloquy administered by the magistrate judge. The magistrate judge stated at the

---

[1] The district court's referral order similarly stated that the magistrate judge's administration of the plea would be "subject to the final approval and imposition of sentence by th[e district] court."

2

hearing that he would "recommend to [the district court] that [Colorado's] plea of guilty be accepted." The magistrate judge further issued a report and recommendation as to all three co-defendants, stating "[t]he Magistrate Court RECOMMENDS that the District Court accept each of the above-named defendant's plea of guilty and enter final judgment of guilt against the defendant." Colorado did not file any objections to the report and recommendation.

The district court initially scheduled sentencing for Colorado and his co-defendants for June 27, 2014. On May 21, 2014, the district court *sua sponte* reset sentencing for July 14, 2014, and in response, Colorado requested a sixty-day continuance of sentencing due to his counsel's scheduled vacation. The district court granted the continuance and set Colorado's sentencing for October 20, 2014.

The district court proceeded with the sentencing of Colorado's co-defendants on July 22, 2014. At that hearing, the district court accepted both co-defendants' plea agreements and sentenced the co-defendants, pursuant to their plea agreements, to one year and one day imprisonment. The district court gave the co-defendants credit for time served. In the concurrent minute entries filed in the district court's docket, the court indicated that it had accepted the guilty pleas of both co-defendants. The court neither addressed Colorado's plea, nor mentioned Colorado at all, during this hearing or in the minute entries. The co-defendants completed their sentences and were deported in September 2014.

After the probation office filed a Presentence Investigation Report (PSR), Colorado's counsel filed two separate motions for extensions of time to file objections to the PSR, stating that counsel needed additional time to review the PSR and complete the objections. The district court granted both motions,

No. 15-50102

ultimately resetting the deadline for objections to November 10, 2014. The district court also reset Colorado's sentencing for December 19, 2014.

On December 4, 2014, Colorado moved to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(1), contending that the district court had not yet accepted his plea. The Government below agreed that Colorado had an absolute right to withdraw his plea and thus "request[ed] that [Colorado] should be allowed to withdraw his plea and proceed to trial."[2] However, the district court denied Colorado's motion in a written order, reasoning that Fifth Circuit precedent indicated that a defendant's guilty plea may be implicitly accepted by a district court. The district court concluded that "there is clear evidence of actual, or most certainly implied, acceptance of [Colorado's] plea." The district court noted that a single report was made for all three defendants, that the report was accepted at the July 22, 2014, sentencing hearing as to Colorado's co-defendants, and that the "Magistrate's Recommendation regarding [Colorado] would have been formally accepted but for the continuances." "By accepting the other defendants' pleas," the district court reasoned, "the court signaled in no uncertain terms that it approved of [Colorado's] plea deal as well as that of the others." Furthermore, "by repeatedly requesting the continuances without any indication that he was contemplating a plea withdrawal, [Colorado] appears to have concurred with the court's tacit acceptance of his guilty plea."[3]

On February 2, 2015, the district court sentenced Colorado to a term of sixty months of imprisonment, the statutory maximum. Colorado timely appeals.

---

[2] On appeal, the Government "recognizes that its earlier response was in error and now opposes [Colorado's] motion." Appellee's Br. 22 n.10.

[3] The district court also noted that the magistrate judge's report and recommendation had not been forwarded to it, apparently due to a clerical error.

4

No. 15-50102

## II.    Standard of Review

To begin, the parties dispute the appropriate standard for reviewing the district court's order denying a motion to withdraw a guilty plea.    The Government argues that this court reviews the decision for an abuse of discretion.  Colorado counters that the decision should be reviewed *de novo*.

"This [c]ourt reviews a district court's decision to deny a motion to withdraw a guilty plea for abuse of discretion." *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009).   In the typical case, a defendant moves to withdraw his or her guilty plea after the district court accepted the plea but prior to sentencing. *E.g.*, *United States v. Harrison*, 777 F.3d 227, 231–32 (5th Cir. 2015).   At that time, a defendant may withdraw the plea only if "(A) the court rejects a plea agreement" or "(B) the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2).   But Colorado has not contended, either at the district court or on appeal, that he is entitled to relief under Rule 11(d)(2).[4]

Instead, Colorado argues that, under Federal Rule of Criminal Procedure 11(d)(1), he may withdraw his plea because the district court never accepted it.   Rule 11(d)(1) provides that "[a] defendant may withdraw a plea of guilty or nolo contendere . . . before the court accepts the plea, for any reason or no reason." Fed. R. Crim. P. 11(d)(1).   "Rule 11(d)(1) is an absolute rule: a defendant has an absolute right to withdraw his or her guilty plea before the court accepts it." *United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008).   "[T]he district court has *no discretion* to deny a pre-acceptance withdrawal of a guilty plea." *Id.* at 482 (emphasis added) (quoting *United States v. Jones*, 472 F.3d 905, 908 (D.C. Cir. 2007)); *see also United States v. Head*, 340 F.3d

---

[4] We therefore do not address the Government's argument relating to the "fair and just reason" requirement under Rule 11(d)(2).

5

No. 15-50102

628, 629 (8th Cir. 2003) ("[T]he district court erred because it had no discretion, under Rule 11(d), to deny [the defendant's] motion to withdraw his guilty plea.").[5] "We review *de novo* any questions of law underlying the district court's decision." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013).

### III.   Discussion

Federal Rule of Criminal Procedure 11(d) was amended in 2002 to allow a defendant to withdraw a guilty plea "for any reason or no reason" before the court accepts the plea. Fed. R. Crim. P. 11(d)(1); *Arami*, 536 F.3d at 482. As courts have noted, however, "Rule 11 is silent as to how a district court must signal its acceptance of a guilty plea." *United States v. Battle*, 499 F.3d 315, 321 (4th Cir. 2007); *accord United States v. Dávila-Ruiz*, 790 F.3d 249, 252 (1st Cir. 2015) ("We recognize that Rule 11 does not specify how a plea is to be accepted.").

*Arami* provided the Fifth Circuit with the first "occasion to expound upon the meaning of Rule 11(d)(1)." *Arami*, 536 F.3d at 482. In *Arami*, the defendant consented to having his Rule 11 plea colloquy hearing and to pleading guilty before a magistrate judge. *Id.* at 481. Afterwards, the magistrate judge prepared a report and recommendation, concluding with a recommendation that the district court accept the guilty plea. *Id.* Before the district judge accepted Arami's guilty plea, Arami moved to withdraw the plea. *Id.* The district court denied the motion, accepted the guilty plea, and

---

[5] Other circuits addressing pre-acceptance withdrawals of pleas under Rule 11(d)(1) have adopted a *de novo* standard of review. *United States v. Dávila-Ruiz*, 790 F.3d 249, 251 (1st Cir. 2015) ("A claim that the district court was without discretion to deny such a motion is a question of law, engendering de novo review."); *United States v. Salas-Garcia*, 698 F.3d 1242, 1252 (10th Cir. 2012) ("When there is a question of whether the district court has actually accepted the defendant's guilty plea pursuant to Federal Rule of Criminal Procedure 11, we review the issue de novo."); *United States v. Mendez-Santana*, 645 F.3d 822, 827 (6th Cir. 2011); *Jones*, 472 F.3d at 908–09. *But see United States v. Battle*, 499 F.3d 315, 320 (4th Cir. 2007) (noting that "it is unnecessary to determine what standard of review applies" because *de novo* and abuse of discretion review lead to the same result).

sentenced Arami. *Id.* Analyzing the application of Rule 11(d)(1) under the plain error standard (the defendant failed to raise the issue below), this court held that the district court clearly and obviously erred when it denied Arami's motion to withdraw because "Arami had an absolute right to withdraw his plea."[6] *Id.* at 483. According to the court, "the plain language of Rule 11(d)(1) is unambiguous, as it clearly gives defendants an absolute right to withdraw a plea before the district court accepts it." *Id.* The court also found that the error affected Arami's substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial proceeding. *Id.* at 484–85. Accordingly, the *Arami* court reversed and remanded to the district court with instructions that the district court allow the defendant to withdraw his plea and proceed to trial. *Id.* at 485.

The case at hand is materially indistinguishable. Colorado, like Arami, consented to holding his plea colloquy and to pleading guilty before a magistrate judge, after which the magistrate judge merely *recommended* that the district court accept the plea. And the district court here, like the district court in *Arami*, took no action *with respect to Colorado* on the magistrate judge's report and recommendation, nor did the court conduct sentencing or any related hearings prior to Colorado's motion to withdraw.[7] Thus, as in *Arami*, nothing in the record shows an actual, explicit acceptance of Colorado's plea by the district court.

The Government argues on appeal, however, that the district court *implicitly* accepted Colorado's guilty plea. After analyzing cases from other

---

[6] Since *Arami*, the Fifth Circuit has reaffirmed the "absolute, unqualified right" embodied in Rule 11(d)(1). *United States v. Escobedo*, 757 F.3d 229, 231 (5th Cir. 2014).

[7] At the July 22, 2014, sentencing hearing, the district court accepted the magistrate judge's combined report and recommendation *as to Colorado's co-defendants*, but the court never addressed Colorado's plea, nor even mentioned Colorado, during this hearing or in its related docket entries.

No. 15-50102

circuits, this court in *Arami* suggested that a guilty plea could be accepted either by "explicit language or an implicit acceptance." *Arami*, 536 F.3d at 482 (citing *Head*, 340 F.3d at 630); *see also United States v. Gutierrez-Gress*, 458 F. App'x 404, 405 (5th Cir. 2012) (per curiam) (unpublished) (concluding that the record showed that the district court implicitly accepted the defendant's guilty plea).

That statement arose in the *Arami* court's description of *Head*. The defendant in *Head* moved to withdraw his plea after the district court held a plea colloquy but before the district court formally accepted his plea. *Head*, 340 F.3d at 630–31. The Eighth Circuit rejected the argument that the district court had implicitly accepted a guilty plea under Rule 11(d)(1) because the district court made statements during the plea colloquy hearing indicating that it was deferring its final decision whether to accept the guilty plea until sentencing. *Id.*; *see also United States v. Mendez-Santana*, 645 F.3d 822, 825–26 (6th Cir. 2011) (assuming, under a similar fact pattern, that a motion to withdraw was made before the district court accepted the plea). Other circuits, in contrast, have held that a district court accepts a guilty plea pursuant to Rule 11 when the district court conducts the plea colloquy and provisionally accepts the plea. *United States v. Byrum*, 567 F.3d 1255, 1262 (10th Cir. 2009); *see also Battle*, 499 F.3d at 321 ("Thus, once the district court has satisfied Rule 11's colloquy requirement, there is a presumption that the court has accepted the defendant's guilty plea.").

We need not decide what actions a district court must take during a plea colloquy to implicitly accept a plea because, in contrast with the above cases, the district court here did not conduct the plea colloquy. The *magistrate judge* conducted Colorado's plea colloquy, but Colorado's consent form stated that the plea was still "subject to the approval of the [district court]." And after conducting the plea colloquy, the magistrate judge only recommended that the

8

district court accept the plea. *See Dávila-Ruiz*, 790 F.3d at 253 ("[E]ven if magistrate judges can, by consent, accept pleas in felony cases, that is not what happened here. The defendant did not consent to acceptance of his plea by the magistrate judge, and the magistrate judge explicitly confirmed that she was not accepting the plea."). Indeed, the courts that have addressed the present fact pattern—i.e., the denial of a motion to withdraw after the magistrate judge's report and recommendation but prior to sentencing or conditional acceptance of the plea—have concluded that the guilty plea was not accepted under Rule 11(d)(1). *Arami*, 536 F.3d at 483; *Dávila-Ruiz*, 790 F.3d at 252–53; *United States v. Lozano*, 63 F. App'x 962, 962–63 (8th Cir. 2003) (per curiam) (unpublished).

Even if a guilty plea can be implicitly accepted under certain circumstances, cases from other circuits suggest that such implicit acceptance did not occur here. No court has found implicit acceptance absent some affirmative action on the part of the district court w*ith respect to the specific defendant at issue* beyond referring a plea colloquy hearing to a magistrate judge. As noted above, several courts have found implicit acceptance only where the district court itself conducted the plea colloquy. *E.g.*, *Byrum*, 567 F.3d at 1262; *Battle*, 499 F.3d at 321–22; *Jones*, 472 F.3d at 907–09. Other cases relied upon by the Government—which, notably, concern the implicit acceptance of guilty pleas *outside the Rule 11(d)(1) context*—involve statements or actions by the district court at sentencing implying its acceptance of the plea. *See, e.g.*, *United States v. Morales-Sosa*, 191 F.3d 586, 587–88 (5th Cir. 1999) (per curiam) (concluding that the district court had implicitly accepted the plea agreement); *United States v. Medina*, 182 F.3d 902 (2nd Cir. 1999) (unpublished). Here, the district court itself conducted neither Colorado's plea colloquy nor his sentencing prior to his motion to withdraw. Nor did the

9

district court make a statement, at any proceeding prior to the motion, indicating that it provisionally accepted Colorado's guilty plea.

The circumstances unique to this case likewise do not warrant a different result. The Government argues that the district court implicitly accepted Colorado's plea by accepting the global plea agreements of Colorado's co-defendants (who, having served their sentences and having been deported, are now beyond the district court's reach) and by failing to notify Colorado that the court had rejected Colorado's plea agreement. Although the district court had already accepted the guilty pleas of Colorado's co-defendants at an earlier hearing, it made no statements at that hearing regarding Colorado's guilty plea or plea agreement. The fact that the district court's acceptance of the co-defendants' pleas may indicate a high *likelihood* that it would have accepted Colorado's plea does not change the fact that it had yet to accept Colorado's plea within the meaning of Rule 11(d)(1). Furthermore, the lack of any signal by the district court that it had rejected Colorado's plea agreement does not show that the district court implicitly accepted Colorado's plea. The lack of any action or statement by the district court points toward the district court's *inaction* on accepting, not the court's implied acceptance of, Colorado's plea.

Moreover, to the extent that the Government faults Colorado for failing to object to the magistrate judge's report and recommendation, this court has already rejected the argument that a defendant "'waived' his ability to withdraw his plea by failing to object to the magistrate judge's report and recommendation." *Arami*, 536 F.3d at 484; *see also Dávila-Ruiz*, 790 F.3d at 253 ("Although the absence of a timely objection to a magistrate judge's report and recommendation clears the way for a district court to adopt the recommendation and accept the plea, it does not mitigate a district court's failure to do so."). Colorado's various requests for continuances also do not

alter the "absolute right" contained within Rule 11(d)(1). *Arami*, 536 F.3d at 481.[8]

We recognize that the interrelation of the co-defendants' guilty pleas—each defendant's plea agreement was predicated on acceptance of the others'—along with the co-defendants' removal from this country, could perhaps form the basis for an argument based on contract law precluding Colorado from withdrawing his plea. But the "absolute right" to withdraw a guilty plea under Rule 11(d)(1) would prevail over such an argument. *Id.*

We conclude that the district court had not accepted Colorado's guilty plea prior to Colorado's motion to withdraw his plea. Since "the district court has *no discretion* to deny a pre-acceptance withdrawal of a guilty plea," *Arami*, 536 F.3d at 482 (emphasis added), the district court erred in denying Colorado's motion to withdraw.

Our analysis does not end there. The Government also contends that the district court's failure explicitly to accept Colorado's plea was a harmless error.[9] We disagree. Rule 11(h) provides that "[a] variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). The burden is on the Government to show that the Rule 11 error was harmless. *United States v. Hemphill*, 748 F.3d 666, 676 (5th Cir. 2014). In particular, "[w]e must consider whether it was reasonably probable that, but for the district court's [actions], the defendant would have exercised his right to go to trial." *Id.* at 672. But as this court previously recognized in *Arami*, "given the unqualified nature of the right to withdraw before the court accepts the plea, it is difficult to discern any situation where

---

[8] The failure of the clerk's office to forward the hard copy of the report and recommendation to the district court is a circumstance entirely beyond Colorado's control and does not factor into our analysis.

[9] This court has discretion to consider the harmless error issue because it was first raised in the appellee's brief. *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).

an error in failing to apply Rule 11(d)(1) would not affect a defendant's substantial rights."[10]  *Arami*, 536 F.3d at 484.

The Government does not address *Arami*'s statement as to this point, but rather argues that the harmless error analysis turns on whether the district court's error affected Colorado's decision to plead guilty.  The cases the Government relies on, however, arise in the context of a district court's failure to properly accept a *plea agreement*.  *Morales-Sosa*, 191 F.3d 587–88; *Gutierrez-Gress*, 457 F. App'x at 405; *see also United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (en banc) (stating that "errors made during Rule 11 colloquies" are not harmless where "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty").  Thus, those cases are inapposite.[11]  *See United States v. Hyde*, 520 U.S. 670, 674 (1997) ("Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time.").

As this court made clear in *Arami*, a violation of Rule 11(d)(1) differs from other Rule 11 colloquy errors.  The latter involve failures by the district court to adequately inform the defendant with respect to the defendant's guilty plea, and thus it makes sense for the harmless error analysis to turn on whether that lack of information affected the defendant's plea decision.  But because the former involves the district court's denial of "an absolute right to withdraw," *Arami*, 536 F.3d at 481, the harmless error analysis instead turns

---

[10] *Arami*'s analysis of whether substantial rights were affected under plain error review does not materially differ from the analysis under harmless error.  *See United States v. Olano*, 507 U.S. 725, 734–35 (1993) (noting that the harmless error and plain error "require[] the same kind of inquiry," but that the Government, rather than the defendant, bears the burden of persuasion under harmless error).

[11] So far as those cases may touch upon implicitly accepted guilty pleas, we need not address whether an implicit acceptance of a guilty plea is a harmless error because, as discussed above, the district court failed to take any action even implicitly accepting Colorado's plea.

on whether that denial affected the defendant's decision to plead guilty and forgo his right to trial.[12]   By denying Colorado's pre-acceptance motion to withdraw, the district court necessarily affected Colorado's substantial rights by barring Colorado from withdrawing his guilty plea and exercising his right to go to trial.  Thus, the district court's denial was not a harmless error.

## IV.    Conclusion

For the reasons above, we REVERSE the judgment of the district court and REMAND with instructions to allow Colorado to withdraw his guilty plea.

---

[12] There does not appear to be any authority supporting the Government's argument that Colorado's co-defendants receiving the bargained-for benefit of *their* plea agreements affects *this* harmless error analysis.