**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JIM WALTER QUALLS, JR.,

Defendant-Appellant.

No. 17-2046
(D.C. No. 5:14-CR-03519-RB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **MORITZ**, and **EID**, Circuit Judges.

Jim Walter Qualls, Jr. pleaded guilty to producing child pornography. Yet after a magistrate judge accepted the plea, Qualls had a change of heart and moved to withdraw his plea. The district court denied the motion. Qualls appealed, arguing the district court erred for two reasons. He first contends the district court should have allowed him to withdraw his plea for any reason because he moved to withdraw the plea before it had been formally accepted. If

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the plea had been accepted, Qualls argues the district court should have permitted him to withdraw it because he did not knowingly and voluntarily plead guilty.

We affirm. Qualls could not withdraw his plea for any reason because the magistrate judge accepted the plea before Qualls moved to withdraw it. And it is well settled in this circuit that magistrate judges have the authority to conduct plea hearings and enter pleas in felony cases. Further, the district court did not abuse its discretion when it concluded Qualls entered his plea knowingly and voluntarily.

## I. Background

Acting on a tip, Department of Homeland Security agents went to Qualls's residence to execute a federal search warrant relating to a child pornography investigation. During the incident, Qualls waived his Miranda rights and admitted to taking nude photographs of his then three-year-old daughter, uploading these pictures to the Internet, and emailing with others to trade images of his daughter for images of other children engaged in sexual conduct.

A grand jury indicted Qualls on four counts of production of child pornography. With Qualls's criminal history, he faced between 25 and 50 years of imprisonment on each count, and the sentences could run consecutively.

Qualls agreed to plead guilty. He then appeared for a hearing in front of a magistrate judge and signed a consent form to waive his right to have his guilty

plea taken by a United States District Court judge. During the hearing, the magistrate judge confirmed that Qualls had discussed the form with his attorney and voluntarily signed it. The discussion then moved to the length of Qualls's potential sentence. The government explained there was a disagreement. The government contended the maximum sentence for each count was 50 years' imprisonment due to Qualls's past conviction for enticement of a child. In contrast, the defense posited the sentence would carry a maximum of 30 years per count. After confirming he understood the consequences of sentencing and the possibility the government's position was correct, Qualls pleaded guilty to all four counts.

Later, however, Qualls filed a pro se motion to withdraw the guilty plea after his counsel withdrew due to a conflict of interest. With the help of new counsel, Qualls filed an amended motion that argued he could withdraw his guilty plea for two reasons. He based his first argument on Federal Rule of Criminal Procedure 11(d)(1), which allows defendants to withdraw guilty pleas for any reason before they are accepted. In Qualls's view, only district courts have the authority to accept guilty pleas; federal magistrate judges, he contended, lack this power. Accordingly, since his plea had only been accepted by a magistrate judge, Qualls argued the plea had never been formally accepted, and he could consequently withdraw it for any reason. If his plea had been accepted, Qualls contended Federal Rule of Criminal Procedure Rule 11(d)(2)(B) allowed him to

-3-

withdraw the plea because he had a "fair and just reason" for doing so—namely, that he would move to suppress his post-arrest statements to law enforcement if the plea were withdrawn.

The district court denied the motion because, in its view, the magistrate judge possessed the authority to accept Qualls's plea, and Qualls had not shown a fair and just reason for withdrawal. The court then sentenced Qualls to four consecutive sentences of 50 years, for a total of 200 years imprisonment.

## II. Analysis

Qualls contends the district court erred in denying his motion to withdraw his guilty plea. He first argues he could withdraw the plea for any reason because the magistrate judge lacked the power to formally accept it. Qualls also argues he demonstrated a fair and just reason to withdraw the plea.

### A. Qualls Could Not Withdraw His Plea For Any Reason

"[B]efore the court accepts" a defendant's guilty plea, the defendant can withdraw it "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). But "after the court accepts the plea," a defendant can only withdraw it if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

Qualls contends the district court should have allowed him to withdraw his guilty plea for any reason because the court had not yet accepted the plea when he moved to withdraw it. But the record reveals that *before* Qualls moved to the

-4-

withdraw his plea, the magistrate judge had accepted it. App. 78–79 ("I hereby accept your pleas of guilt and I now adjudge you guilty of each of the crimes in your indictment."). Thus, Qualls could only withdraw his guilty plea if he could demonstrate a fair and just reason for doing so.

Yet Qualls insists the magistrate judge did not—and indeed could not—have accepted his plea because the magistrate lacked the authority to do so. At bottom, Qualls contends only United States District Court judges possess the power to formally accept guilty pleas. Our precedent, however, squarely forecloses this argument. We have held that "with a *defendant's express consent*, the broad residuary 'additional duties' clause of the Magistrates Act authorizes a magistrate judge to conduct a Rule 11 felony plea proceeding, and such does not violate the defendant's constitutional rights." *United States v. Salas-Garcia*, 698 F.3d 1242, 1253 (10th Cir. 2012) (emphasis added) (quoting *United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir. 1996)). Thus, "[m]agistrate judges have the authority to conduct plea hearings and accept guilty pleas." *Id.* In so concluding, we recognized that Congress authorized these duties by magistrate judges, but to the extent any constitutional ambiguity remained, "the consent requirement—fulfilled in this case—saves the delegation" from doubt. *United States v. Williams,* 23 F.3d 629, 633 (2d Cir. 1994) (relied on by *Ciapponi*); *accord United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *United*

*States v. Torres*, 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees*, 125 F.3d 261, 267 (5th Cir. 1997).[1]

Despite this, Qualls points us to two cases that, in his view, demonstrate a magistrate judge lacks authority to accept a guilty plea: *United States v. Arami*, 536 F.3d 479 (5th Cir. 2008), and *United States v. Davila-Ruiz*, 790 F.3d 249 (1st Cir. 2015). Neither case, however, stands for this proposition. In both cases, the magistrate judges only *recommended* that the district court accept the defendants' pleas—and the defendants moved to withdraw their guilty pleas *before* the district court had formally adopted the magistrate judges' recommendations. *Davilla-Ruiz*, 790 F.3d at 250; *Arami*, 536 F.3d at 481. Accordingly, both courts allowed the defendants to withdraw their pleas because the pleas had not, in fact, been accepted by *either* a magistrate judge *or* a district court judge. *Davila-Ruiz*, 790 F.3d at 250; *Arami*, 536 F.3d at 482–83. These cases thus involved a straightforward application of Rule 11(d)(1): when a magistrate judge only *recommends* the district court accept a plea but does not actually accept it, the defendant can withdraw the plea anytime *before* the district court formally accepts it.

---

[1] We realize Qualls believes "*Salas-Garcia* is an erroneous application of Rule 11(d)(1)." Aplt. Br. at 30. But "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *United States v. Nichols*, 169 F.3d 1255, 1261 (10th Cir. 1999) (quoting *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993)).

But here, in stark contrast to *Davilla-Ruiz* and *Arami*, the magistrate judge formally *accepted* the guilty plea, rather than merely *recommending* its acceptance. App. 78–79 ("I hereby accept your pleas of guilt and I now adjudge you guilty of each of the crimes in your indictment."). Thus, *Davilla-Ruiz* and *Arami* are not factually on point. And more fundamentally, neither case suggests magistrates lack the authority to accept guilty pleas.

Thus, the district court properly held that Qualls could not withdraw his guilty plea for any reason pursuant to Rule 11(d)(1) because the magistrate judge had formally accepted the plea.

### B. Qualls Knowingly and Voluntarily Pleaded Guilty

Qualls next argues he did not knowingly and voluntarily plead guilty because he received no benefit or consideration in exchange for his plea.

#### 1. Forfeiture and Waiver

As an initial matter, Qualls forfeited this argument because he did not raise it before the district court. He then waived the argument by not arguing for plain error review on appeal.

Defendants forfeit arguments they fail to raise before the district court. *See Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1127–28 (10th Cir. 2011) (explaining that if a "theory simply wasn't raised before the district court, we usually hold it forfeited"). We can consider forfeited arguments on appeal, but only under the plain error standard of review. *Id.* Crucially, though, if a

defendant "fail[s] to argue for plain error and its application on appeal," he waives the argument before this court. *See id.* at 1331; *McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010) (concluding that if a defendant forfeits an argument and then fails to "explain in her opening appellate brief . . . how they survive the plain error standard," this "waives the argument[] in *this* court").

Applying this standard here, Qualls's sole argument before the district court was that he wanted to contest "the statement that was provided implicating him in the instant offense." App. 17. He never referenced the voluntary or willing nature of his plea. Qualls therefore forfeited any challenge to his plea on that basis. And when Qualls raised this argument for the first time on appeal, he waived it because his briefing made no mention of the plain error standard of review.

### 2. Merits

Even if Qualls had not forfeited the argument, we would still conclude the district court did not abuse its discretion in denying the motion to withdraw.

When, as here, the court accepted the defendant's plea, the defendant can only withdraw the plea if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To evaluate whether the defendant has satisfied this burden, we examine a number of non-exclusive factors—often called the "*Gordon* factors":

> (1) whether the defendant asserted his innocence,

(2) whether the plea was knowing and voluntary,
(3) whether defendant was assisted by counsel,
(4) whether the defendant delayed filing his motion and, if so, why,
(5) whether withdrawal would prejudice the government,
(6) whether withdrawal would substantially inconvenience the court, and
(7) whether withdrawal would waste judicial resources.

*United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993); *see United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007). More recent cases also instruct us to consider an eighth factor of whether the government would be likely to convict the defendant at trial. *United States v. Sanchez-Leon*, 764 F.3d 1248, 1258 (10th Cir. 2014). We "review the district court's application of the *Gordon* factors for abuse of discretion, with the exception of two factors which we review de novo: whether the plea was knowing and voluntary and, if reviewable on direct appeal, whether counsel provided effective assistance." *United States v. Marceleno*, 819 F.3d 1267, 1272 (10th Cir. 2016).

The district court found that Qualls was not entitled to withdraw his plea based on any of the first three factors. These factors are the most important in our evaluation and are frequently dispositive. *See United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009) ("[A] court need not address the prejudice to the government, the timing of the defendant's motion, the inconvenience to the court, or the waste of judicial resources factors 'unless the defendant establishes a fair

and just reason for withdrawing his guilty plea' in the first instance." (quoting *Hamilton*, 510 F.3d at 1217)).

Qualls contests only the second factor: he argues he did not plead guilty knowingly and voluntarily. In making this argument, he relies on general principles of contract law. He contends he received no consideration in exchange for his offer to plead guilty, such as a reduced sentence. This lack of consideration, he claims, proves he "did not knowingly and voluntarily enter the plea." Aplt. Br. at 12.

Qualls is right that if defendants enter plea agreements with the government, some circuits apply ordinary contract interpretation principles and require consideration. *See United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004) (per curiam) ("[A] guilty plea can be challenged for contractual invalidity, including invalidity based on a lack of consideration." (citing *United States v. Parrilla-Tirado*, 22 F.3d 368, 371 (1st Cir. 1994))). Critically, though, in these cases courts employ contract interpretation principles to analyze plea agreements *with the government*. And here, Qualls did *not* enter a plea agreement with the government. Thus, consideration could not have been required because there was no "contract" between Qualls and the government—Qualls simply pleaded guilty.

He also claims he did not plead knowingly and voluntarily because "[e]ven with the assistance of counsel, [he] did not understand that he was looking at a life sentence as a consequence of his plea . . . ." Aplt. Br. at 16. But the

magistrate judge specifically asked Qualls whether he fully understood that he could be sentenced to "200 years" in prison and would definitely face at least "15 years" of imprisonment on each of the four counts—the mandatory minimum. App. 71. Qualls affirmatively responded to the court's inquiry, confirming he understood he could be facing an effective life sentence.

Finally, Qualls points to *United States v. Romero*, 360 F.3d 1248 (10th Cir. 2004), and *United States v. Fard*, 775 F.3d 939 (7th Cir. 2015), claiming these cases generally support his right to withdraw under Rule 11(d)(2)(B) for "a fair and just reason." But neither case involved remotely similar facts.

In *Romero*, the defendant was mistakenly indicted after the government promised not to prosecute him in federal court in exchange for his cooperation. We held the district court is required to uphold and enforce the agreements between the defendant and the government. *Romero*, 360 F.3d at 1253–54. That case bears no resemblance to the facts here, however, because Qualls possessed no plea agreement with the government.

*Fard*, a Seventh Circuit decision, is equally inapplicable. There, the court held the defendant did not knowingly and voluntarily plead guilty because he did not know or understand the elements of the crime he pleaded guilty to. *Fard*, 775 F.3d at 943–44. But Qualls does not claim he did not understand the elements of the crimes listed in his guilty plea. He instead claims he did not understand the

*consequences* of his plea—that he was receiving an effective life sentence with no consideration in exchange. Thus, *Fard* is inapplicable.

In sum, the district court did not abuse its discretion when it concluded Qualls did not proffer a "fair and just reason" for withdrawing his guilty plea.

## III.  Conclusion

We therefore **AFFIRM** the district court's denial of Qualls's motion to withdraw his guilty plea.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge