[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13335

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALEXANDER LESZCZYNSKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00155-MSS-SPF-1

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Alexander Leszczynski appeals his sentence of 210 months' imprisonment for wire and bank fraud. He argues that the district court erred by denying his motion to withdraw his guilty plea because he moved to withdraw that plea before the district court accepted and adopted the magistrate judge's report and recommendation, which recommended that Leszczynski's guilty plea be accepted. Because Leszczynski had an absolute right to withdraw his guilty plea prior to the district court accepting it, and his counsel's subsequent "Motion to Clarify Defendant's Motion to Withdraw Previously Entered Pleas of Guilt" (hereinafter "Motion to Clarify") did not moot his motion to withdraw his guilty plea, we reverse.

## I.    Background

Leszczynski was charged in an indictment with the following offenses:

- Count One – Wire Fraud in violation of 18 U.S.C. § 1343 for the transfer of $97,700 in first-round Small Business Association ("SBA") Paycheck Protection Program ("PPP") funds;

- Count Two – Wire Fraud in violation of 18 U.S.C. § 1343 for the transfer of $98,210 in second-round SBA PPP funds;

- Count Three – Wire Fraud in violation of 18 U.S.C. § 1343 for the transfer of a warranty deed for a property in Pinellas County, Florida;

- Count Four – Bank Fraud in violation of 18 U.S.C. §§ 1344 and 2 for depositing a fraudulent check in the amount of $4,995;

- Count Five – Bank Fraud in Violation of 18 U.S.C. §§ 1344 and 2 for depositing a fraudulent check in the amount of $300,000;

- Count Six – Illegal Monetary Transaction in violation of 18 U.S.C. § 1957 and 2 for a monetary transfer of $239,000;

- Count Seven – Illegal Monetary Transfer in violation of 18 U.S.C. § 1957 and 2 for a monetary transfer of $346,959.56; and

- Count Eight – Illegal Monetary Transfer in violation of 18 U.S.C. § 1957 and 2 for a monetary transfer of $337,000.

Over the course of the criminal proceedings, Leszczynski's counsel changed multiple times. Ronald J. Kurpiers, II, Leszczynski's fourth attorney, requested to have Leszczynski's mental competency evaluated because Kurpiers was concerned "that [Leszczynski's] ability to assist in his defense and to truly understand the charges and resulting court procedures before him [was] compromised and not of sufficient ability to move forward without a full and thorough evaluation of mental competency." The district court granted the request, and ordered that Dr. Valerie

R. McClain, PsyD., conduct an independent psychiatric examination of Leszczynski.

Dr. McClain evaluated Leszczynski and "found him to be competent to proceed to trial." She determined that Leszczynski's "thought processes were clear, logical, and goal directed" and that "his estimated intelligence level is likely in the average range." Ultimately, she found that Leszczynski was (1) aware of the charges against him; (2) understood the range and nature of possible penalties he faced if convicted; (3) understood the adversarial nature of the criminal proceedings; (4) had the capacity to disclose pertinent facts; (5) had the ability to behave in accordance with appropriate courtroom protocol; and (6) had the capacity "to testify on his own behalf and assist his attorney in a rational manner." Accordingly, it was her opinion that Leszczynski was competent to proceed to trial.

The district court held a competency hearing pursuant to 18 U.S.C. § 4241. At the competency hearing, Kurpiers stated that the defense stood by Dr. McClain's evaluation and stipulated to her findings. When questioned by the district court, Leszczynski agreed with his counsel's representation. Defense did not offer any other evidence regarding Leszczynski's mental state. Accordingly, the district court found that Leszczynski was competent to stand trial.

Shortly after the district court found Leszczynski competent, Leszczynski and the government reached a plea agreement. Per the terms of the agreement, Leszczynski agreed to

23-13335               Opinion of the Court                    5

plead guilty to Counts One, Three, and Four of the Indictment, and the government would drop the other charges.

On November 21, 2022, Leszczynski appeared before a magistrate judge to plead guilty to Counts One, Three, and Four.[1] After extensive questioning, the magistrate judge found that Leszczynski was "fully competent and capable of entering an informed plea" and was "aware of the nature of the charges and the consequences of the plea." The magistrate judge determined that Leszczynski's plea of guilty was "knowing and voluntary and supported by an independent basis in fact which satisfies each of the essential elements of the offenses." Accordingly, the magistrate judge issued a report and recommendation (hereinafter "report"), recommending that the district court accept Leszczynski's guilty plea.

Less than one month later, and before the district court had ruled on the magistrate judge's report, Kurpiers filed a motion to withdraw Leszczynski's guilty plea.[2] The motion noted that the

---

[1] At the hearing, Leszczynski also pleaded guilty to charges from another criminal case, wherein he was charged with attempting to hire a third party to murder witnesses in the instant case. We do not address his appeal of his sentence in the murder-for-hire case in this opinion. *See United States v. Alexander Leszczynski*, No. 23-13743 (11th Cir. appeal docketed Nov. 14, 2023).

[2] In conjunction with the motion to withdraw, Kurpiers also filed a motion to have Leszczynski's competency to stand trial re-evaluated based on Leszczynski's demand to him to be re-evaluated. In that motion, Kurpiers stated that he did not believe the Leszczynski's demand to be re-evaluated was in good faith and that he could not represent to the court that the request was

6                    Opinion of the Court                    23-13335

timing of a request to withdrawal is important because pursuant to Rule 11(d)(1) of the Federal Rules of Criminal Procedure, "[a] defendant has an absolute right to withdraw a guilty plea before the district court accepts it."[3] Four days after filing the motion to withdraw, however, Kurpiers filed a Motion to Clarify wherein he stated that Leczszynski had told him that he wished "to keep his pleas of guilt to [the relevant] charges despite claiming he is innocent of the charges to which he plead." Kurpiers indicated he was left with a dilemma as to how to proceed and therefore requested the district court to "hold an evidentiary hearing to determine [Leszczynski's] decision to either [w]ithdraw his previously entered [guilty] plea . . . or move forward with acceptance of his plea as is."

The district court held a hearing on Leszczynski's motion to withdraw his guilty plea. At the hearing, Kurpiers stated that Leszczynski had given him conflicting accounts about whether he wanted to withdraw his guilty plea or not and that as of the time of the hearing he didn't know what Leszczynski wanted to do. The district court asked Leszczynski if it was "still [his] desire to

---

not done with the intention of delaying proceedings. The district court held a hearing on that motion and denied Leszczynski's request to be re-evaluated.

[3] Despite noting that Federal Rule of Criminal Procedure 11(d)(1) grants a defendant an unconditional right to withdraw a guilty plea before the district court accepts it—and the fact the district court had not yet accepted Leszczynski's guilty plea—the motion nevertheless incorrectly asserted that Leszczynski needed to show a fair and just reason for requesting the withdrawal pursuant to Rule 11(d)(2).

withdraw [his] plea . . . or [did] [he] wish to keep the plea in place in [the fraud] case?" Leszczynski answered that he wasn't sure, but that he wanted to get a second opinion from another attorney.

The district court told Leszczynski that he had already entered a plea before the magistrate judge who had found him "fully competent and capable and able to understand the plea that [he] w[as] entering and the consequences of the plea" and that "[t]o withdraw [his] plea is a very, very high standard[.]" The court determined it had no basis to believe that Leszczynski was currently incompetent, or was otherwise incompetent at the time he entered his plea before the magistrate judge. Throughout the hearing, Leszczynski indicated that he wanted to pursue a not guilty by reason of insanity defense. Despite not having previously adopted the magistrate judge's report recommending the district court accept Leszczynski's guilty plea, the district court determined there was no legal or medical basis for Leszczynski for it to allow Leszczynski to back out of his plea agreement. Accordingly, the district court adopted the magistrate judge's report and denied Leszczynski's motion to withdraw his guilty plea.

Leszczynski was sentenced to 210 months' imprisonment followed by 5 years of supervised released. He requested to have new counsel appointed for his appeal, which the district court granted. He timely appealed his conviction and sentence.

## II.    Standard of Review

"We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion." *United States v. Symington*, 781 F.3d 1308, 1312 (11th Cir. 2015).

## III.    Discussion

On appeal, Leszczynski argues that the district court abused its discretion in denying his motion to withdraw his guilty plea because he had an absolute right to withdraw the plea prior to the district court accepting it. Relying on the First Circuit's opinion in *United States v. Davila-Ruiz*, 760 F.3d 249 (1st Cir. 2015), he argues that the district court had no discretion to deny his motion to withdraw his guilty plea because it had not yet accepted the magistrate judge's report.[4] The government argues that the district court did not abuse its discretion because, in its view, Leszczynski withdrew his motion to withdraw his guilty plea when his lawyer filed the Motion to Clarify and did not otherwise renew his request to withdraw his guilty plea at the hearing. Upon review, we disagree with the government.

---

[4] In *Davila-Ruiz*, the First Circuit vacated a defendant's conviction and sentence because the district court improperly denied his motion to withdraw his guilty plea prior to the district court accepting the magistrate judge's report, which, like the report in the instant case, recommended the district court accept the guilty plea. *See* 790 F.3d 249.

Rule 11(d)(1) of the Federal Rules of Criminal Procedure provides that "[a] defendant may withdraw a plea of guilty . . . before the court accepts the plea, for any reason or no reason." Fed. R. Crim. P. 11(d)(1).  Our sister circuits have described this as an "absolute right" to withdraw a guilty plea prior to the district court accepting it.  *United States v. Andrews*, 857 F.3d 734, 739 (6th Cir. 2017); *Davila-Ruiz*, 790 F.3d at 251; *United States v. Tyerman*, 641 F.3d 936, 936 (8th Cir. 2011); *United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008).  Accordingly, Leszczynski had an absolute right to withdraw his guilty plea when Kurpiers filed the motion to withdraw Leszczynski's guilty plea prior to the district court accepting the magistrate judge's report.   And despite the government's arguments to the contrary, the record does not support the conclusion that Leszczynski withdrew his motion to withdraw the guilty plea when Kurpiers filed the Motion to Clarify. While Kurpiers may have been confused about how Leszczynski wanted to proceed, the only relief sought in the Motion to Clarify was an evidentiary hearing to determine how Leszczynski wanted to move forward.  And at the evidentiary hearing, Leszczynski expressed multiple times his desire to pursue a not guilty by reason of insanity defense, which indicated that he wanted to withdraw his guilty plea and proceed to trial.  While the district court may have had valid doubts about the viability of such a defense and Leszczynski's motives in seeking to change his plea, Leszczynski had the right to withdraw his plea "for any reason or no reason" prior to the district court accepting the plea.  Fed. R. Crim. P. 11(d)(1).   The district court incorrectly applied the heightened

standard of Rule 11(d)(2)[5] when it stated that the bar for Leszczynski to withdraw his plea, before it had accepted the plea, was very high.  Accordingly, the district court necessarily abused its discretion when it denied Leszczynski's motion to withdraw his guilty plea.

**VACATED AND REMANDED**.

---

[5] Rule 11(d)(2) provides that a defendant may withdraw a guilty plea after the court has accepted it, but before the court has imposed a sentence, only if the court rejects the plea agreement pursuant to Rule 11(c)(5) or "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2).